IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-305-RJD |
| ) | |
| DG Retail LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion for Attorney Fees and Expenses (Doc. 35). Plaintiff filed a Response (Doc. 42). Defendant asks the Court to award it attorney fees and expenses pursuant to Federal Rule of Civil Procedure 37. Defendant explains that "after filing suit, Plaintiff took no action to pursue her claim." She did not send take any depositions, nor did she make any disclosures pursuant to Federal Rule of Civil Procedure 26. She did not send any written discovery requests to Defendant. This case was set for trial on October 5, 2021 but was continued when the Court learned that the law firm representing Plaintiff did not intend to represent her at trial (Doc. 32).[1] Defendant asks the Court to order Plaintiff and/or her former attorneys to reimburse Defendant for the expenses and attorney fees it incurred "preparing for the trial scheduled for October 5, 2021."

Regardless of Plaintiff's inaction, Rule 37 sanctions are not warranted. The Court

---

[1] After Plaintiff's attorneys filed multiple motions to withdraw and the Court conducted a hearing on the issue, the undersigned allowed Plaintiff's attorneys to withdrawn from this matter (Docs. 34, 36, 38-41, 44, 45). As of today's date, Plaintiff has not entered her appearance *pro se* nor has a new attorney appeared on her behalf, but the time for doing so has not yet expired (Doc. 45).

declines to sanction Plaintiff for failing to provide her initial disclosures when Defendant never moved to compel those disclosures. *See* Fed. R. Civ. P. 37(c)(1).   The Court may, pursuant to Rule 37, sanction a party for 1) failing to obey any Court orders regarding discovery; 2) failing to appear for a deposition; 3) failing to answer written discovery. None of those scenarios occurred in this matter.   Rule 37 does not contemplate sanctions where the plaintiff simply does not take advantage of the discovery process to prepare her case for trial.

Of course, the Court also holds inherent authority to sanction a litigant who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (*quoting Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012)). Defendant deposed Plaintiff and contends that it otherwise prepared for trial by complying with the Court's Scheduling Order and Federal Rules of Civil Procedure, though the Court notes that Defendant never filed its pretrial disclosures that were due on September 7, 2021.   In any event, to the extent that Defendant incurred expenses preparing for trial, that preparation will be useful if this case proceeds to trial.   Nothing in the record suggests Plaintiff acted in bad faith or willfully abused the judicial process.   Defendant's Motion for Attorney Fees and Expenses (Doc. 35) is DENIED.

**IT IS SO ORDERED.**

**DATED:   November 19, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**