IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KIMBERLY STEVENSON**,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>**DG RETAIL, LLC**,   )<br>   )<br>   Defendant.   )<br>   ) | Case No. 20-cv-305-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the court for case management purposes. Plaintiff filed this suit on March 24, 2020 (Doc. 1). Plaintiff, through her counsel, did not respond to Defendant's requests to take her deposition and the Court had to order her to appear for a deposition by February 11, 2021 (Doc. 25). Discovery closed on June 3, 2021 and a jury trial was scheduled for October 5, 2021 (Docs. 19 and 22). The Court held a status conference on September 14, 2021 and learned that the law firm representing Plaintiff intended to move to withdraw from this case (Doc. 32). Plaintiff's attorneys informed the Court that she had not communicated with them for an extended period of time (Doc. 40). Plaintiff's attorneys sent copies of their Motions to Withdraw to Plaintiff at her last known address, along with a notice of hearing scheduled for November 4, 2021 at 1:00 p.m. (Docs. 38, 39, 40, 41).[1] Plaintiff did not appear for the hearing (Doc. 44). At the hearing, one of Plaintiff's attorneys advised that he had informed her in written correspondence

---

[1] One of Plaintiff's attorneys had moved to a new law firm, thus requiring him to move to withdraw along with his prior law firm.

that she must retain counsel or enter her appearance 21 days after the Motions to Withdraw were granted (*Id*.). The Court granted the Motions to Withdraw on November 4, 2021 (Doc. 45).

By December 14, 2021 (forty days after the Motions to Withdraw were granted), Plaintiff had not entered her appearance *pro se* nor had any attorney entered on her behalf. The Court entered an Order to Show Cause, ordering Plaintiff to file a pleading on or before January 3, 2022, explaining why this matter should not be dismissed for a failure to prosecute (Doc. 49). Plaintiff was warned that her failure to comply with the Show Cause Order would result in this matter being dismissed with prejudice (*Id*.). Plaintiff did not comply with the Show Cause Order.

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Where a *pro se* plaintiff has engaged in "ordinary misconduct" (e.g., failing to comply with an order), dismissal of the matter with prejudice is appropriate after the Court has warned the plaintiff accordingly (though such a warning is not necessarily required). *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (internal citations omitted). Plaintiff has now failed to comply with two orders, and her inaction indicates a lack of interest in this case. Accordingly, this matter is **DISMISSED WITH PREJUDICE.** All pending motions are moot and the Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   January 4, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**